IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-HC-2031-FL

| KERRY D. LEE, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| JUSTIN ANDREWS, | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

**BACKGROUND**

Petitioner pleaded guilty in the United States District Court for the Western District of Virginia to conspiracy to distribute cocaine and cocaine base. See United States v. Lee, No. 1:08-CR-00024-JPJ (W.D. Va. Feb. 2, 2015) (DE 3236). On June 8, 2009, petitioner was sentenced to a term of 180 months imprisonment. Id. Following his sentence, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Id. (DE 2925). The sentencing court denied the § 2255 motion as untimely. See id. (DE 3236). Petitioner thereafter sought authorization from the Fourth Circuit to file a second or successive habeas petition, which was denied. In re Lee, No. 15-275 (4th Cir. Sept. 24, 2015).

On February 14, 2018, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he does not qualify for the career offender enhancement in light of the United States Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016).

**ANALYSIS**

Petitioner argues that he no longer qualifies as a career offender because under Mathis certain of his prior convictions no longer qualify as predicate felonies. See U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2 (Nov. 2008) (permitting enhanced sentence where defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense). In Mathis, the United States Supreme Court held that sentencing courts should use the categorical approach when evaluating whether a prior conviction qualifies as a predicate felony under the Armed Career Criminal Act if the statutory elements of the offense set out alternative means (as opposed to alternative elements)[1] for committing the offense. 136 S. Ct. at 2257. Under the categorical approach, "courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition."[2] Id.

---

[1] For example, a statute may define burglary as unlawful entry into "any building, structure, [or] land, water, or air vehicle." Mathis, 136 S. Ct. at 2250. The listed locations set out separate means of committing the single crime of burglary. Id. By contrast, if the statute defined burglary as "the lawful or unlawful entry of a premises with intent to steal," the statute sets out alternative elements of the crime (lawful versus unlawful entry), and thus essentially defines two separate crimes. Id. at 2249 (internal quotation marks omitted).

[2] The sentencing court can use the modified categorical approach (which permits examination of the underlying facts) if the elements of the prior offense are set out in the alternative. Mathis, 136 S. Ct. at 2249.

2

Petitioner argues that under Mathis the convictions used to apply his career offender enhancement no longer qualify as controlled substance offenses.[3]

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

The Fourth Circuit recently examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy in the context of sentencing errors. See United States v. Wheeler, 886 F.3d 415, 428-429 (4th Cir. 2018). The court held:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194 n.5.

Here, petitioner cannot satisfy the second prong of the Wheeler test because Mathis is not a new rule of substantive law that is retroactively applicable on collateral review. See, e.g., Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we

---

[3]Notably, it does not appear petitioner's sentence was based on the career offender enhancement. See United States v. Lee, 678 F. App'x 170, 171 (4th Cir. 2017). For purposes of conducting the instant review of the petition, however, the court assumes without deciding that petitioner was sentenced as a career offender.

3

have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); Walker v. Kassell, 726 F. App'x 191, 192 (4th Cir. 2018) (per curiam) ("[W]e affiirm because the case upon which Walker relies, Mathis . . . has not been held retroactively applicable on collateral review, so Walker may not proceed under § 2241."); Washington v. United States, 868 F.3d 64, 66 (2d Cir. 2017) (per curiam) (holding Mathis is not retroactively applicable on collateral review); see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule [that may be retroactive] if the result was not dictated by precedent existing at the time the defendant's conviction became final."). Because the Supreme Court made clear in Mathis that its decision was dictated by prior precedent, Mathis did not announce a new rule that applies retroactively to cases on collateral review, and thus petitioner cannot satisfy the second prong of the Wheeler test for determining whether § 2255 is an inadequate or ineffective remedy. See Wheeler, 886 F.3d at 429.

The fourth prong of the Wheeler test requires that the sentence present an error sufficiently grave to be deemed a fundamental defect. Id. at 429. Petitioner was allegedly sentenced as a career offender under the post-Booker advisory guidelines regime. United States v. Booker, 543 U.S. 220, 245 (2005) (holding the sentencing guidelines are advisory). The Fourth Circuit has held that erroneous career offender designations imposed under the post-Booker advisory guidelines do not amount to a fundamental defect resulting in a complete miscarriage of justice, and thus are not cognizable on federal habeas review. United States v. Foote, 784 F.3d 931, 942-43 (4th Cir. 2015). Because the error petitioner alleges does not rise to the level of a "fundamental defect," petitioner cannot satisfy the fourth prong of the Wheeler test. See Wheeler, 886 F.3d at 432 n.9 (recognizing that under Foote, career offender designations imposed under advisory guidelines do not result in a "fundamental defect" warranting habeas relief).

To summarize, petitioner has not shown that § 2255 is an inadequate or ineffective remedy under the Wheeler factors, and thus he cannot obtain review of his sentence under § 2241. Accordingly, the court does not have jurisdiction to resolve the petition on the merits, and the petition is DISMISSED without prejudice.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

The court also cannot convert the petition into a § 2255 motion, because petitioner must obtain pre-filing authorization from the Fourth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(3); United States v. Lee, No. 1:08-CR-00024, 2012 WL 12896357, at *1 (W.D. Va. Dec. 12, 2012) (dismissing petitioner's first § 2255 motion as untimely).

## CONCLUSION

Based on the foregoing, the petition is DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 10th day of October, 2018.

                                                LOUISE W. FLANAGAN
                                                United States District Judge